# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Yussuf Hassan Mohamed,

Plaintiff,

v.

John Terrance Souvage,
Jensen Grain Co., and
The Scoular Company,

Defendants.

Civil No. 01-1907 PAM/SRN

**AMENDED NOTICE OF SETTLEMENT CONFERENCE**

---

Said Mohamud Samatar,

Plaintiff,

v.

John Terrance Souvage,
Jensen Grain Co., and
The Scoular Company,

Defendants.

Civil No. 01-1908 PAM/SRN

---

Ahmed Anainshe Mohamud,

Plaintiff,

v.

John Terrance Souvage,
Jensen Grain Co., and
The Scoular Company,

Defendants.

Civil No. 01-1909 PAM/SRN

---

FEB 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

A settlement conference will be held in the above-referenced matters on **March 5, 2002, at 9:30 a.m.**, in Suite 242, Federal Building, 316 North Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

Trial counsel shall meet with one another on or before **February 25, 2002,** to seek to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **March 1, 2002**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5) a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

DATED: February 21, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge